OPINION
{¶ 1} Craig Yount appeals from his conviction for one count of possession of cocaine. The facts are set out in the State's brief and are not in dispute.
 {¶ 2} On August 30, 2006, Dayton Police Officers Doug George and Barnes observed Yount make two undisputed traffic violations and as Yount pulled into and parked in the lot of Church's Chicken, the officers activated their lights and pulled in *Page 2 
behind Yount. Yount had exited his vehicle when Officer Barnes approached to talk to him. Officer George approached the passenger's side of the vehicle to make sure no one else was in the vehicle who could ambush them with a weapon. No one else was in the truck, but as he looked into the passenger's side window, Officer George observed a crack pipe in plain view. Officer George approached Yount and asked him if the truck was his and he replied that it was. (Tr. 11.) Officer George then arrested Yount for possession of drug paraphernalia and secured him in the cruiser. (Id.)
 {¶ 3} Officer George then conducted an inventory search of the vehicle because he arrested Yount and the vehicle would be towed. During the search, Officer George discovered a bag of cocaine under the driver's seat. After the search, Officer George administered Miranda warnings to Yount, who understood and waived them and then admitted that he had a drug problem, the drugs were his, and they were for his own personal use. (Tr. 13-14.) Yount was cited for the traffic violations and charged with possession of drug paraphernalia and possession of drugs.
 {¶ 4} In overruling Yount's motion to suppress, the trial court determined that Officer George saw the crack pipe in "plain view" and therefore George was authorized to arrest Yount and that the search of the automobile which disclosed the crack cocaine was reasonable as a search incident to Yount's arrest.
 {¶ 5} In a single assignment, Yount contends the drugs should be suppressed because he was arrested improperly for a minor misdemeanor offense. The State argues, and we agree, Yount was merely detained by the police officers for the purpose of issuing him a traffic citation. During that detention, Office George observed the crack pipe lying in an ashtray below the instrument panel. The trial court examined *Page 3 
photographs of the interior and exterior of the pick-up truck Yount was driving, and the court specifically found that the ashtray area was reasonably observable from outside the vehicle. The court also observed that since Officer George had observed hundreds of "crack" pipes on prior occasions, the "immediately apparent" requirement of the plain view doctrine was satisfied. State v. Halczyszak (1986),25 Ohio St.3d 301. The cocaine which is the basis of Yount's indictment and conviction was recovered after Yount was arrested for the drug paraphernalia charge pursuant to a valid motor vehicle inventory search. The Appellant's assignment of error is Overruled. The Judgment of the trial court is Affirmed.
 WOLFF, P.J., and GRADY, J., concur. *Page 1